**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| RONALD L. PITTMAN,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-00812-PTG-LRV |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

Defendant[1] Amazon.com Services LLC ("Amazon") submits this Memorandum in support of its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

Plaintiff Ronald L. Pittman ("Pittman") is a former Amazon employee who was terminated for job abandonment after he did not return to work for more than two-and-a-half years. That undisputed timeline, pleaded on the face of the Complaint, is dispositive. Pittman cannot plausibly allege that he was a qualified individual able to perform the essential functions of his position, that he was meeting Amazon's legitimate expectations, or that his termination was causally connected to any alleged protected activity. Pittman also pleads no facts demonstrating that he suffered from a disability under the ADA, no facts identifying any reasonable accommodation that he requested or that Amazon was required to provide, and no facts showing Amazon violated the ADA's accommodation requirements. Instead, he pleads only bare legal conclusions that fail under *Twombly* and *Iqbal*. Because the Complaint's own allegations foreclose Pittman's claims and any

[1] Defendant Amazon Inc. is not a proper party. Defendant Amazon.com Services LLC employed Pittman.

amendment would be futile, Amazon respectfully requests that the Court dismiss it with prejudice.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 570). A district court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). This presumption does not apply to "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement," *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted), and courts "are not bound by the legal conclusions drawn in the complaint." *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008).

A *pro se* plaintiff must comply with federal pleading requirements by "alleg[ing] facts to satisfy the elements of [each] cause of action." *McCleary-Evans v. Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). A *pro se* complaint that merely leaves open the possibility that discovery *might* eventually support a claim is not sufficient to survive a motion to dismiss. *Id*. at 587.

## ARGUMENT

### A. Pittman Fails to State a Claim for Retaliation or Wrongful Termination Under the ADA.

The Complaint should be dismissed at the outset because Pittman's own allegations establish that he did not return to work for more than two-and-a-half years before Amazon

terminated him for job abandonment. Pittman's claims for retaliation and wrongful termination under the ADA fail because he pleads no facts supporting the essential elements of either claim. To establish a prima facie wrongful discharge claim under the ADA, a plaintiff must plead sufficient facts to permit a reasonable inference that: "(1) he was a qualified individual with a disability; (2) he was discharged; (3) at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of wrongful discrimination." *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012). To establish a prima facie retaliation claim under the ADA, a plaintiff must allege: (1) that he engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal link exists between the protected conduct and the adverse action. *A Society Without a Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011).

While Pittman alleges that he was terminated, he fails to plead facts supporting any of the other elements required for either claim. Pittman has not alleged that he is a "qualified individual," or in other words, "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). He also has not alleged facts suggesting that he was performing his job adequately at the time of his termination. To the contrary, he acknowledges that he last worked for Amazon in 2023 and had not returned to work for over two-and-a-half years (*see* Compl. at 5). "Attendance is an essential function of most employment positions." *Vanyan v. Hagel*, 9 F. Supp. 3d 629, 638 (E.D. Va. 2014) (citing *Tyndall v. Nat'l Educ. Ctrs.*, 31 F.3d 209, 213 (4th Cir. 1994)). Even at the motion to dismiss stage, the Court "conducts this inquiry from the perception of the decision maker," and courts have found that far shorter absences fail to meet an employer's legitimate expectations. *Mattamu v. Cty. of Fairfax,* Civil Action No. 1:20-cv-1468 (RDA/MSN), 2021 U.S.

Dist. LEXIS 189503, at *12 (E.D. Va. Sep. 30, 2021) (granting motion to dismiss wrongful discharge claim where six-month absence failed to meet employer's legitimate expectations). By not returning to work for over two-and-a-half years, Pittman did not meet Amazon's legitimate expectations.

Pittman also pleads no facts demonstrating that he engaged in protected conduct because his general allegation that he "submitted medical paperwork and initiated requests to return to work" provides no dates, details, or facts showing that any request qualified as protected activity. He also pleads no facts demonstrating that his discharge occurred under circumstances that raise a reasonable inference of wrongful discrimination or that a causal link exists between his request for accommodations and his termination for job abandonment. The fact that Amazon permitted Pittman to remain on medical leave for two-and-a-half years before terminating him fatally undermines any inference of retaliation. *See Dowe v. Total Action Against Poverty,* 145 F.3d 653, 657 (4th Cir. 1998) ("A lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action […] negates any inference that a causal connection exists between the two."). The two-and-a-half year gap between Pittman's alleged accommodation request and his termination is precisely the type of lengthy time lapse that negates any causal connection. On these pleaded facts, Pittman has not plausibly alleged retaliation or wrongful termination. Accordingly, Pittman's claims should be dismissed with prejudice.

**B. Pittman's ADA Claims Fail Because He Fails to Plead a Disability Under the ADA.**

All of Pittman's ADA claims also fail as a matter of law for the threshold reason that Pittman does not allege he has a disability under the ADA. A disability under the statute is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual" with "a record of such an impairment" or "being regarded as having such an

impairment." 42 U.S.C. § 12102(1). The statute defines a major life activity to include "performing manual tasks" and "working." *Id.* § 12102(2).

Pittman identifies his disability solely as "Chronic fatigue/Mj. Sleep Apnea/Edema/Carpal tunnel," but the Complaint pleads no facts about how any of these conditions affect him. ECF No. 1 Complaint ("Compl.") at 4. He does not allege that any of these purported conditions substantially limit a major life activity. He also fails to identify his job functions or explain how his conditions prevented him from performing them. Instead, Pittman offers only the bare assertion that he "worked multiple roles" and was on unpaid medical leave "due to medical conditions." Compl. at 5. These conclusory allegations are precisely the type of threadbare pleading that fails to state an ADA claim. Without adequately alleging a covered disability under the ADA, Pittman's claims cannot survive and should be dismissed with prejudice.

**C. Pittman Fails to State a Claim for Failure to Accommodate or Failure to Engage in the Interactive Process Under the ADA.**

Even if Pittman had adequately pleaded a covered disability (and he does not), he still fails to state a failure to accommodate claim because he does not allege that a reasonable accommodation existed, that he could perform the essential functions of his position with that accommodation, or that Amazon refused to provide it. To establish a prima facie case for failure to accommodate, a plaintiff must show: "(1) he was an individual who had a disability within the meaning of the statute; (2) the employer had notice of his disability; (3) with reasonable accommodation he could perform the essential functions of the position; and (4) the employer refused to make such accommodation." *Orne v. Christie*, Civil Action No. 3:12-cv-00290-JAG, 2013 U.S. Dist. LEXIS 2209, at *10 (E.D. Va. Jan. 7, 2013). While Pittman references the interactive process, failure to engage in the interactive process is not an independent claim, and Pittman cannot base his failure to accommodate claim "solely on the allegation that the employer

failed to engage in an interactive process." *Walter v. United Airlines, Inc.,* No. 99-2622, 2000 WL 1587489, at *5 (4th Cir. Oct. 25, 2000) (citing *Rehling v. City of Chicago,*207 F.3d 1009, 1016 (7th Cir. 2000)); *see Fleetwood v. Harford Sys. Inc.,*380 F. Supp. 2d 688, 701 (D. Md. 2005) ("[A]n employee cannot prevail simply by demonstrating that his employer failed to engage in the interactive process; he also must show that this failure to engage in the process resulted in the failure to find an appropriate accommodation.").

Pittman's bare allegations that he "initiated requests for a reasonable accommodation" and "Amazon failed to engage in the mandatory good-faith interactive process" are insufficient to state a claim. Compl. at 5. Pittman's Complaint does precisely what the law prohibits: it generally alleges Amazon's purported failure to engage in the interactive process without pleading facts showing how Amazon failed to engage, what accommodations were requested and denied, or identifying any specific accommodation that would have allowed him to perform the essential functions of his position. Because he fails to make these showings, his failure to engage in the interactive process and failure-to-accommodate claims are legally insufficient and should be dismissed with prejudice.

**D. Pittman's Pro Se Status Does Not Excuse His Pleading Failures.**

Pittman's *pro se* status does not excuse his pleading failures. *See Vinayagam v. Malpani,* No. 3:22CV6 (DJN), 2022 WL 4131197, at *4 (E.D. Va. July 29, 2022) (dismissing *pro se* complaint where plaintiff failed to allege facts supporting claim)*, aff'd,* 4th Cir. No. 22-1959, 2023 WL 7101167 (4th Cir. Oct. 27, 2023) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985) ("Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them."). Thus, even in

cases involving *pro se* litigants, the Court "cannot be expected to construct full blown claims from sentence fragments." *Beaudett*, 775 F.2d at 1278. Having failed to articulate any claims and to meet his pleading obligations, Pittman's Complaint should be dismissed with prejudice.

**E. Amendment Would Be Futile.**

Finally, dismissal with prejudice is warranted because no amendment can cure the fundamental deficiencies that pervade the claims alleged in the Complaint. Pittman's own allegations establish that he did not return to work for more than two-and-a-half years before being terminated for job abandonment. This is not a pleading gap but an admission that forecloses his claims as a matter of law: no reframing of the Complaint can change the fact that Pittman was absent for over two and a half years and therefore cannot plausibly allege he was a qualified individual able to perform the essential functions of his position. That same undisputed timeline negates any causal connection between any alleged protected activity and his termination, and thus eliminates any viable retaliation claim regardless of how it is repleaded. Because amendment cannot cure any of these dispositive deficiencies, the Complaint should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, Amazon respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Dated: July 28, 2026

*<u>/s/ Raymond D. Jackson</u>*

Raymond D. Jackson, Esquire
(VSB No. 89275)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
raymond.jackson@gtlaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on this 28th day of July, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all registered users and via first class mail and email to:

Ronald L. Pittman
1270 Conrad Island Lane Apt. 102
Woodbridge, VA 22191
jose11deck@gmail.com

*/s/ Raymond D. Jackson*
Raymond D. Jackson, Esquire
VSB No. 89275
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
raymond.jackson@gtlaw.com
*Counsel for Defendant*