**IN THE UNITED STATES DISTRICT COURT FOR**

**EASTERN DISTRICT OF VIRGINIA**

**(ALEXANDRIA DIVISION)**

FILED MAILROOM
AUG 12 2026
CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

**RONALD L. PITTMAN,**

Plaintiff,

v. Case No. 1:26-cv-00812-PTG-LRV

**AMAZON INC.,**

Defendant.

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Ronald L. Pittman, proceeding pro se and with granted In Forma Pauperis status, respectfully submits this Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 9) and supporting Memorandum of Law (Doc. 10). For the reasons set forth below, Defendant's Motion should be denied in its entirety.

## I. INTRODUCTION & STATEMENT OF FACTS

Plaintiff was employed by Defendant as an active, full-time Seasonal Sortation Associate at Defendant's DVA5 facility. On January 13, 2023, Defendant's Disability Leave Services (DLS) approved a short-term medical leave of absence for Plaintiff (Case No. 05552204). On February 2, 2023, Defendant formally transitioned this into an "off-work accommodation case" (Case No. 05660846). On February 13, 2023, DLS acknowledged in writing that this leave was employer-initiated due to a pending accommodation evaluation status.

Throughout 2023, Plaintiff remained under medical care, which included an emergency evaluation on August 20, 2023, at the UVA Prince William Emergency Department. On August 21, 2023, attending physician Dr. Son-Lam Nguyen, DO, issued a formal ED Work Excuse establishing clear medical restrictions and authorizing a return-to-work date of August 24, 2023.

Plaintiff's employment continuously persisted following the initiation of this leave. On April 15, 2025, an Employee Resource Center (ERC) Manager issued an official Confirmation of Employment, explicitly certifying that Plaintiff remained an active employee of Defendant.

In September 2025, Plaintiff sought to update his medical documentation. On September 15, 2025, Plaintiff contacted MyHR Live Support to resolve a technical error in uploading paperwork. On September 16, 2025, Plaintiff emailed his completed, signed Healthcare Provider Request for Information (RI) form directly to amazondls@amazon.com. Without engaging further, Defendant issued a termination notice on September 30, 2025, effective October 3, 2025, citing "job abandonment." On October 8, 2025, Defendant's DLS division sent an email admitting that Plaintiff had contacted support on September 15 but asserted that the documentation failed to attach due to internal structural system failures. Plaintiff subsequently filed a Charge of Discrimination with the EEOC, which was processed within 71 days of his termination.

## II. ARGUMENT

### A. Legal Standard Under Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, pleadings filed by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### B. Plaintiff Adequately Pleads a Covered Disability and Status as a Qualified Individual

Defendant contends that Plaintiff fails to allege a disability or that he was a "qualified individual" under the ADA. This argument ignores the reality of employer-initiated leave and active employment status. Plaintiff identifies his qualifying medical conditions affecting major life activities (including working and performing manual tasks). Furthermore, because Defendant's own ERC Manager certified Plaintiff as an active employee on April 15, 2025, and DLS maintained his accommodation file (Case No. 05660846), Plaintiff was recognized as an employee participating in an ongoing interactive accommodation process, satisfying threshold pleading requirements at this preliminary stage.

### C. Plaintiff Engaged in Protected Conduct and Timely Filed Claims

Defendant argues that claims are untimely and that a lengthy time lapse negates causation. However, Defendant's own actions extended the employment relationship through April 2025, and the final adverse employment action (termination) occurred on October 3, 2025. Plaintiff filed his EEOC charge within 71 days of termination, well within Virginia's 300-day window. Moreover, the timeline is not an uncommunicated gap as Defendant suggests; rather, Plaintiff was actively communicating and attempting to submit updated medical paperwork in September 2025 when technical system errors prevented attachment.

**D. PROPER PARTIES AND CORPORATE ENTITY**

Defendant's footnote assertion that "Amazon.com Services LLC" rather than "Amazon Inc." employed Plaintiff does not warrant dismissal under Rule 12(b)(6). Corporate nomenclature technicalities are curable defects, and the entity operating the facility maintains complete notice and identity of interest regarding Plaintiff's employment and leave history.

**E. BREACH OF THE INTERACTIVE PROCESS AND PRETEXTUAL TERMINATION**

The ADA mandates a good-faith interactive process. Defendant initiated an off-work status and subsequently terminated Plaintiff for "job abandonment" while he was actively attempting to resolve portal upload errors with MyHR and DLS. Terminating an employee due to internal technical system failures while in active dialogue represents a per se failure of the interactive process and establishes pretext.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety and allow this matter to proceed.

Dated: August 10, 2026

Respectfully submitted,

Ronald L. Pittman

Ronald L. Pittman, Plaintiff Pro Se
1270 Conrad Island Lane, Apt. 102
Woodbridge, VA 22191
josellldeck@gmail.com

**IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

**RONALD L. PITTMAN,**

Plaintiff,

v. Case No. 1:26-cv-00812-PTG-LRV

**AMAZON INC.,**

Defendant.

**PLAINTIFF'S LOCAL CIVIL RULE 83.1(M) PRO SE GHOSTWRITING CERTIFICATION**

I certify that:

[X ] No attorney has prepared declare under penalty of perjury that:, or assisted in the preparation of the foregoing Memorandum of Law in Opposition to Defendant's Motion to Dismiss, along with the Index of Exhibits and Exhibit A through I.

Dated: August 10, 2026

Respectfully submitted,

Ronald L. Pittman, Pro Se Plaintiff
1270 Conrad Island Lane, Apt. 102
Woodbridge, VA 22191

Jose11deck@gmail.com

# CERTIFICATE OF SERVICE

I certify that on this 10th day of August, 2026, a true and correct copy of the foregoing Memorandum ofLaw in Opposition to Defendant's Motion to Dismiss, along with the Index of Exhibits and Exhibits A through I, was served upon opposing counsel via certified mail, return receipt requested, postage prepaid, addressed as follows:

Raymond D. Jackson, Esquire
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
raymond.jackson@gtlaw.com

Ronald L. Pittman, Pro Se Plaintiff
1270 Conrad Island Lane, Apt. 102
Woodbridge, VA 22191
Jose1 1deck@gmail.com