**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| RONALD L. PITTMAN,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON INC.,<br><br>Defendant. | ) | Case No. 1:26-cv-00812-PTG-LRV |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant[1] Amazon.com Services LLC ("Amazon"), by counsel, submits this Reply in Support of its Motion to Dismiss ("Motion").

## PRELIMINARY STATEMENT

Plaintiff Ronald L. Pittman's ("Pittman") Opposition to Amazon's Motion to Dismiss ("Opposition") confirms that the Court should dismiss his deficient Complaint. Rather than substantively respond to Amazon's arguments, Pittman relies on new, unsupported allegations that are absent from his Complaint and fails to address—let alone rebut—dispositive arguments on each count. Having failed to plead the essential elements of retaliation or wrongful termination, Pittman instead attempts to amend the Complaint through opposition briefing, which is impermissible. Pittman also fails to address Amazon's remaining arguments for dismissal, thereby conceding those arguments and abandoning his claims for failure to accommodate and failure to engage in the interactive process under the ADA. Having failed to state any viable claim, Pittman's Complaint should be dismissed with prejudice.

---

[1] Defendant Amazon Inc. is not a proper party. Defendant Amazon.com Services LLC employed Pittman.

## ARGUMENT

### A. Pittman Fails to State a Wrongful Termination or Retaliation Claim

Pittman's Opposition confirms that he has failed to plead facts supporting the essential elements of his retaliation and wrongful termination claims under the ADA. The Complaint alleges only that Pittman was terminated and pleads none of the remaining required elements for these claims. Pittman attempts to cure these deficiencies in his Opposition by asserting that Amazon "recognized [Pittman] as an employee participating in an ongoing interactive accommodation process, satisfying threshold pleading requirements," that he "engaged in protected conduct," and that he was terminated "due to internal technical system failures while in active dialogue," which he characterizes as establishing pretext. Opp. at 2-3. These allegations, however, appear nowhere in the Complaint, and therefore cannot be considered because a party may not amend its complaint through an opposition brief. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands*, *LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("[P]arties cannot amend their complaints through briefing.").

Even if these facts were in the Complaint, Pittman's new allegations are conclusory and insufficient to satisfy the essential elements of either claim. Pittman's own recitation of the facts underscores the problem. By his account, he began a leave of absence on January 13, 2023, and received a doctor's note dated August 21, 2023, purportedly authorizing his return to work on August 24, 2023. Opp. at 1. The doctor's note itself, however, contains no work restrictions or accommodation requests whatsoever. *See* ECF No. 14-5. Pittman identifies no other request for accommodation or any other communication with Amazon until April 15, 2025 – a gap of more than two years. Opp. at 1. These facts affirmatively undermine any contention that Pittman was performing his job at a level that met Amazon's legitimate expectations at the time of his discharge.

*See Mattamu v. Cty. of Fairfax*, Civil Action No. 1:20-cv-1468 (RDA/MSN), 2021 U.S. Dist. LEXIS 189503, at *12 (E.D. Va. Sept. 30, 2021) (granting motion to dismiss wrongful discharge claim where plaintiff's six-month absence failed to meet employer's legitimate expectations).

Additionally, Pittman's assertion in his Opposition that he was terminated following "internal technical system failures while in active dialogue" to update medical documentation does not plausibly state a claim for retaliation against Amazon. Pittman does not plausibly allege that he engaged in protected conduct as he attached written confirmation that his request was not received. *See* ECF No. 14-7 ("the Request for Information form was not received on the case."). Furthermore, he fails to plead any causal connection between any accommodation request and his termination. To the contrary, the more than two-year gap between Pittman's alleged accommodation request and his termination is precisely the type of long-time lapse that defeats any inference of causation. *See Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998) ("A lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two."). Accordingly, both Pittman's retaliation and wrongful termination claims should be dismissed with prejudice.

**B. Pittman Fails to Plead a Disability Under the ADA**

Pittman cannot overcome his failure to plead a disability under the ADA. The ADA prohibits discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a) (2012). As a threshold matter, a plaintiff asserting an ADA claim must "sufficiently allege that he was disabled 'within the meaning of the ADA.'" *Hice v. Mazzella Lifting Techs., Inc.*, 589 F. Supp. 3d 539, 547 (E.D. Va. 2022) (citing *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 (4th Cir. 2001)). That requires more than identifying a medical condition or diagnosis. A plaintiff must

plead facts showing that the condition substantially limited one or more major life activities. *Id.* at 547-48. At the pleading stage, Pittman must allege a disability claim "above a speculative level." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020). He has not done so.

In his Opposition, Pittman contends that he asserts a "covered disability" and "identifies his qualifying medical conditions affecting major life activities (including work and performing manual tasks)." See ECF No. 14 ("Opp.") at 2. But those assertions cannot supply the missing elements of his claims because a party may not amend a complaint through opposition briefing. *See S. Walk at Broadlands Homeowner's Ass'n, Inc.*, 713 F.3d at 184. And even accepting those characterizations at face value, Pittman still does not plead a cognizable ADA disability. He alleges no facts showing how any condition substantially limited his ability to work, perform manual tasks, or engage in any other major life activity, and he provides no details about the nature, severity, duration, or practical impact of any impairment. At most, Pittman recites the legal conclusion that his conditions affected major life activities. That is insufficient under *Hice*, which requires factual allegations connecting the alleged impairment to a substantial limitation on a major life activity. 589 F. Supp. 3d at 547-48. Because Pittman pleads no such functional limitation, his ADA claims fail regardless of whether the Court considers the additional assertions in his Opposition.

Thus, whether the Court looks only to the Complaint or gives Pittman the benefit of his Opposition, the same deficiency remains: he has not alleged facts showing that any impairment substantially limited a major life activity.

### C. Pittman Abandons Claims by Failing to Address Amazon's Arguments

Pittman fails to address Amazon's remaining arguments for dismissal and has therefore abandoned his failure to accommodate and failure to engage in the interactive process claims. When a plaintiff fails to respond to a defendant's grounds for dismissal, it is proper for a court to

treat those arguments as conceded and the claims as abandoned. *See Marcotte v. Virginia Beach City Pub. Sch.,* No. 2:17cv606, 2018 WL 11509748, at *6 (E.D. Va. Aug. 24, 2018) ("[B]ecause Plaintiff has not responded to Defendants' argument, it is proper for this Court to treat such argument as conceded and to find that the . . . claims are abandoned."); *Chamblee v. Old Dominion Sec. Co*., No. 3:13CV820, 2014 WL 1415095, at *8 (E.D. Va. Apr. 11, 2014) (finding that courts properly treat arguments as conceded where a plaintiff fails to address them in opposing a motion to dismiss).

Pittman's Opposition touches on failure to accommodate only in passing, asserting in conclusory fashion that Amazon terminated him "due to internal technical system failures while in active dialogue," which he characterizes as "a per se failure of the interactive process." Opp. at 3. Again, these allegations appear nowhere in the Complaint and therefore cannot salvage his claim. Even if the facts were in the Complaint, Pittman's Opposition does not respond to Amazon's argument that his failure to accommodate claim rests solely on an alleged failure to engage in the interactive process – a basis that is legally insufficient to sustain such a claim. *See Walters v. United Airlines, Inc.*, 232 F.3d 892 (4th Cir. 2000) ("[A]n employee cannot base a reasonable accommodation claim solely on the allegation that the employer failed to engage in an interactive process."). Because Pittman has offered no response to this dispositive argument, his failure to accommodate claim is abandoned and should be dismissed with prejudice.

**D. Other Issues Raised by Pittman Do Not Preclude Dismissal.**

Pittman's Opposition raises multiple arguments that do not preclude dismissal. Pittman asserts that Amazon moves to dismiss because the claims are untimely and he failed to name the proper party, but these are not Amazon's arguments for dismissal. Although Pittman did not return

to work for over two years and failed to correctly identify his employer as the Defendant, Amazon moves to dismiss because Pittman has failed to state claims.

## CONCLUSION

For the reasons explained above and in Amazon's moving memorandum of law, Amazon respectfully requests that the Court dismiss the Complaint.

Dated: August 18, 2026


*/s/ Raymond D. Jackson*
Raymond D. Jackson, Esquire
(VSB No. 89275)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
raymond.jackson@gtlaw.com

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of August, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all registered users, and via first class mail and email to:

Ronald L. Pittman
1270 Conrad Island Lane Apt. 102
Woodbridge, VA 22191
jose11deck@gmail.com

*_/s/ Raymond D. Jackson_*
Raymond D. Jackson, Esquire
VSB No. 89275
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
raymond.jackson@gtlaw.com
*Counsel for Defendant*